IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCELA DYER<br>on behalf of herself and all others<br>similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>LARA'S TRUCKS, INC.<br>a Georgia corporation, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:12-CV-1785-TWT |

<u>ORDER</u>

This is an action for overtime wages under the Fair Labor Standards Act. It is before the Court on the Defendants' Motion to Dismiss the Collective Action Elements of Plaintiff's Complaint and to Stay Discovery During the Pendency of the Motion [Doc. 6]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion. The collective action elements are DISMISSED WITHOUT PREJUDICE. The request to stay discovery during the pendency of the motion is DENIED as moot. The Plaintiff may file an amended complaint within 14 days of the date of this Order.

T:\ORDERS\12\Dyer\mtdtwt.wpd

I. Background

The Plaintiff, Marcela Dyer, alleges that Defendants Lara's Trucks, Inc. and Fernando Lara, failed to pay her and others similarly situated to her overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (Compl. ¶ 1.) The Defendants have operated and continue to operate at least two used car dealerships in the state of Georgia. (Compl. ¶ 23.) From February 2011 to September 2011, Dyer was employed at the Defendants' dealership located at The Mall of Georgia, 4135 Buford Road, Buford, Georgia 30518. (Compl. ¶ 22.)

During her employment with the Defendants, Dyer held multiple positions, including a "secretarial and collections position," and "another position in Defendants' financing department." (Compl. ¶ 21.) The Plaintiff claims that all of her positions were not exempt under the FLSA and that she principally performed non-exempt job duties, yet she was not paid overtime. (Id.) Dyer claims that she did not have discretionary authority in her positions, and that the duties included clerical and secretarial work, such as serving as a receptionist, answering phones, making collections calls to customers, and clerical work. (Compl. ¶¶ 24-25, 31.)

In addition to bringing a claim for violation of the FLSA on behalf of herself, Dyer also seeks to bring a claim on behalf of other employees of the Defendants who are "similarly situated in terms of job duties, pay, and compensation." (Compl. ¶ 30.)

Dyer claims that she and those similarly situated to her were regularly compelled to work more than 40 hours per week but were not paid overtime compensation. (Compl. ¶ 35.) Dyer claims that she and those similarly situated to her are not exempt employees under the FLSA; therefore, the Defendants were required to pay them overtime compensation. (Compl. ¶ 36.)

The Plaintiff filed the Complaint on May 22, 2012, seeking to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs on behalf of herself and all other current and former employees of Defendants who are similarly situated to Dyer in the state of Georgia and who elect to opt into this action [Doc. 1]. (Compl. ¶ 1.) The Defendants moved to dismiss the collective action elements of the Complaint on June 14, 2012 [Doc. 6]. The Defendants' Motion argues that the factual allegations regarding the other employees are insufficient to survive a motion to dismiss.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely

"remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

The Court first addresses the Plaintiff's contention that FLSA collective action elements cannot be challenged by a motion to dismiss. The Plaintiff argues that there is a framework in place for FLSA class certification claims that does not include an evaluation of the sufficiency of the plaintiff's factual allegations at the motion to dismiss stage. The Defendants respond that, as in other civil actions, the factual allegations must be sufficient to give the defendant fair notice of the plaintiff's claim

and the grounds upon which it rests.

A collective action under the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). Under the FLSA class certification process, courts typically employ a two-step process to determine whether employees are similarly situated so that collective action is proper. The first step is the "notice" or "conditional certification" stage. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008). At this stage, the Court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in; and (2) these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991). The Plaintiff argues that the Defendants' arguments are properly raised when the Plaintiff moves for conditional certification, and not on a motion to dismiss.

"[O]pinions from district courts...are inconsistent, arriving at different conclusions as to...whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address the issue." Creech v. Holiday CVS, LLC,

No. 11-CV-46, 2012 U.S. Dist. LEXIS 144838, at *6-*7 (M.D. La. Sept. 26, 2012). Some courts have agreed with the Plaintiff's reasoning, and have not required plaintiffs to plead any facts in support of the collective action at the motion to dismiss stage. See, e.g., Hoffman v. Cemex, Inc., No. H-09-3144, 2009 U.S. Dist. LEXIS 114130, at *12 (S.D. Tex. Dec. 8, 2009) ("With respect to the collective action issue, the plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion.  Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class."); Lang v. DirecTV, Inc., 735 F. Supp. 2d 421, 435-36 (E.D. La. 2010) ("The Court finds that defendants' motion to dismiss is premature because plaintiffs have not moved for certification and have had no opportunity to develop a record.  This challenge on the pleadings seeks to end-run the certification process by trying certification on the face of the complaint. Defendants have not pointed to any controlling authority that establishes detailed pleading requirements for collective actions."); Long v. CPI Sec. Sys., No. 3:12-CV-396, 2012 U.S. Dist. LEXIS 123415, at *12-*13 (W.D.N.C. Aug. 29, 2012) (Defendant argues against the notion that "Plaintiff should be allowed the benefits of discovery to determine the existence of alleged similarly situated individuals...without articulating any factual basis for seeking recovery on a collective basis.  Defendant contends that merely seeking relief

on behalf of similarly situated individuals is a legal conclusion that does not satisfy Twombly and Iqbal pleading standards. Defendant's argument is misplaced....Defendant's argument that this Court should dismiss Plaintiff's collective action allegations is inappropriate at [the motion to dismiss stage].") (internal quotations and citations omitted).

The Court finds the reasoning of those courts that have found plaintiffs to be accountable to the dictates of Rule 8(a)(2), even while pleading FLSA collective actions, to be more persuasive. See, e.g., St. Croix v. Genentech, No. 8:12-CV-891, 2012 U.S. Dist. LEXIS 86742, at *7 (M.D. Fla. June 22, 2012); Pickering v. Lorillard Tobacco Co., No. 2:10-CV-633, 2011 U.S. Dist. LEXIS 3647, at *7 (M.D. Ala. Jan. 13, 2011); Creech, 2012 U.S. Dist. LEXIS 144838, at *5-*8; Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012). A motion to dismiss collective action elements of an FLSA action and a motion for conditional certification are different for several reasons in addition to the identity of the party filing the motion. This motion to dismiss does not, in the Court's opinion, simply "end-run the certification process by trying certification on the face of the complaint." Cf. Lang, 735 F. Supp. at 436. To survive a motion to dismiss, a plaintiff must give the defendant fair notice of the putative class. No evidence is required. The plaintiff's reward for surviving a motion to dismiss is discovery. Moreover, "counsel may have some incentive to keep the claims unspecific

to achieve the largest possible class"; the motion to dismiss is a defendant's shield against this danger. Pruell, 678 F.3d at 14. On the other hand, to be granted conditional certification, a plaintiff must produce evidence which allows the Court to conclude that a reasonable basis exists for finding that there are other similarly situated employees who wish to opt-in to the action. Successful evidence may include "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). The plaintiff's reward for conditional certification is the opportunity to send notice of the action to putative class members. "Generally, whether a suit can be maintained as a collective action under the FLSA is determined not on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action. Nevertheless, where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage." Meggs v. Condotte Am., Inc., No. 12-20876-CIV, 2012 U.S. Dist. LEXIS 116326, at *8-*9 (S.D. Fla. Aug. 17, 2012) (internal citations omitted).

      Having concluded that a motion to dismiss is an appropriate vehicle for testing the sufficiency of the factual allegations supporting an FLSA collective action, the Court turns to the factual allegations at issue here. The Plaintiff has presented "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements." Iqbal, 129 S.Ct. at 1949. The Plaintiff merely asserts that she seeks a collective action with a class of employees that is "similarly situated in terms of job duties, pay, and compensation." (Compl. ¶ 30.) This is a legal conclusion. "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. The collective action portion of the Complaint presents "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S. at 557. "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 556 n.3.

The collective action cause of action does not give the Defendants fair notice of the Plaintiff's putative class. The Plaintiff states that she held a secretarial and collections position, and another position in the Defendants' financing department. The Court cannot discern which employees the Plaintiff seeks to include. All of the Defendants' employees? All of the Defendants' employees that share the same or similar job duties? If the latter, similar to what? (The position in the financing department is not given a job title or job description.) Furthermore, the Plaintiff may have other job duties to report later that are not listed in the Complaint. The Complaint

alleges that she "held multiple positions, including a secretarial and collections position, and another position in Defendants' financing department." (Compl. ¶ 21.)

The Plaintiff cites several cases in support of her argument that her bare bones collective action allegations are sufficient to survive a motion to dismiss. Some of these cases deny the motion to dismiss on the grounds that a motion to dismiss is not the proper vehicle to challenge collective action allegations. See, e.g., Hoffman, 2009 U.S. Dist. LEXIS 114130, at *12; Lang, 735 F. Supp. 2d at 435-36. The Court has already decided not to follow this reasoning. Furthermore, in Lang, the plaintiffs made specific allegations regarding the job titles and duties of potential class members. Id. at 436. Other cases cited by the Plaintiff feature complaints with more detailed factual allegations of the proposed class, giving those defendants fair notice of the nature of the putative class. In Sanchez v. Haltz Constr., Inc., No. 09-CV-7531, 2012 U.S. Dist. LEXIS 537 (N.D. Ill. Jan. 4, 2012), the plaintiff pled that the "similarly situated employees" were masonry laborers who worked on a construction project at 1919 W. Crystal in Chicago. Id. at *12-*13. In Secretary of Labor v. Labbe, 319 Fed. Appx. 761 (11th Cir. 2008), an unpublished opinion, an appendix to the complaint provides a listing of the specific names of the covered employees. Id. at 763.

The plaintiffs in St. Croix v. Genentech, Inc., No. 8:12-CV-891, 2012 U.S. Dist. LEXIS 86742 (M.D. Fla. June 22, 2012), and Pickering v. Lorillard Tobacco Co., No.

2:10-CV-633, 2011 U.S. Dist. LEXIS 3647 (M.D. Ala. Jan. 13, 2011), presented bare factual allegations of the putative class, as the Plaintiff does here, and the complaints were dismissed. In St. Croix, the plaintiff alleged that she was employed "as a Pharmaceutical Sales Representative, also known as a Hepatology Specialist," and the putative class members were "numerous individuals who were similarly situated" that were also employed by the same company. St. Croix, 2012 U.S. Dist. LEXIS 86742 at *2. In Pickering, the plaintiff alleged that he was employed as a "sales representative," and provided "no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint." Pickering, 2011 U.S. Dist. LEXIS 3647, at *3,*6. The collective action elements of the Plaintiff's Complaint are dismissed without prejudice.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss the Collective Action Elements of Plaintiff's Complaint and to Stay Discovery During the Pendency of the Motion [Doc. 6]. The collective action elements are DISMISSED WITHOUT PREJUDICE. The request to stay discovery during the pendency of the motion is DENIED as moot. The Plaintiff may file an amended complaint within 14 days of the date of this Order.


...


SO ORDERED, this 19 day of February, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge